CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
JUL 0 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| REBECCA G. CONNER, | ) | CASE NO. 4:05CV00072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By:   B. Waugh Crigler |
| of Social Security, | ) |        U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 22, 2003 claim for a period of disability and disability insurance benefits, and her September 28, 2003 claim for supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who was 41 years old, graduated from high school, and worked as a sewing machine operator and garment inspector, had not engaged in substantial gainful activity since her alleged onset of disability date, July 4, 2003, and was insured for disability benefits through December 31, 2008. (R. 16.) The Law Judge also

found that the plaintiff had medical impairments, including a right shoulder dysfunction status post humeral head fracture (July 4, 2003); hemiarthroplasty (July 30, 2003) with residual locked dislocation (since October 2003); a seizure disorder (controlled by medication and avoidance of alcohol); low back pain; and a history of alcohol abuse (in remission since December 2003), which are collectively severe within the meaning of Regulations, but were not sufficient to meet or equal a listed impairment. (R. 18.) The Law Judge determined that the plaintiff's claims were not fully credible, noting that the plaintiff's allegations of intense pain were not substantiated by medical evidence, and were inconsistent with her everyday activities and the absence of more aggressive treatment. (R. 19.) Furthermore, in determining the plaintiff's residual functional capacity, the Law Judge did not fully credit either the opinion of the plaintiff's treating physician or the plaintiff's testimony concerning her subjective complaints, while affording substantial weight to the opinion of the DDS medical disability examiner. *Id.* The Law Judge concluded that the plaintiff could not perform her past relevant work, but that she retained the residual functional capacity for light work with specific limitations. (R. 18.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to evidence offered at the hearing by a vocational expert (VE), the Law Judge found gainful light work was available to the plaintiff, and that she was therefore not disabled under the Act. (R. 20-21.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Council found no reason to review the Law Judge's decision, denied review and adopted his decision as the final decision of the Commissioner. (R. 4.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-416.945; *Hays v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff argues that the Law Judge erred in not finding her complaints of pain and incapacitating symptoms fully credible. The Commissioner contends that the Law Judge may discount the plaintiff's credibility when it is inconsistent with the available evidence. The undersigned agrees with the defendant. The plaintiff's statements describing her physical impairment are classified as symptoms under 20 C.F.R. §§ 404.1528(a) and 416.928(a), and evaluated under 20 C.F.R. §§ 404.1529 and 416.929. Under 20 C.F.R. §§ 404.1529(b) and 416.929(b), the Law Judge found that the plaintiff's impairments could reasonably produce the alleged pain and incapacitating symptoms, but concluded that the lack of more aggressive medical treatment and the plaintiff's daily activities, which included driving, sweeping the floor, cooking and grocery shopping, were inconsistent with the severity of the condition alleged by the plaintiff. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), (v) and 416.929(c)(3)(i), (v). Given the absence of objective medical evidence to the contrary and the plaintiff's daily activities, it was not clearly erroneous for the Law Judge to conclude that the plaintiff's subjective claims were not fully credible.

3

Second, the plaintiff contends that the Law Judge did not properly credit the evidence offered by her treating sources. The Commissioner argues that the opinions of the plaintiff's treating physician were inconsistent with the evidence, and that the Law Judge was therefore justified in according greater weight to the opinion of a DDS medical examiner, which the defendant claims is consistent with the remainder of the record. As the defendant points out, the Law Judge is not required to give the opinion of a treating physician controlling weight when it is unsupported by medically acceptable clinical and laboratory diagnostic techniques, or when it is inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). In the event that a treating physician's medical opinion is not controlling, the weight that is given to it depends on whether the relevant evidence presented supports the opinion. 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3). Where the record offers no such supporting evidence, the mere statement that the plaintiff is "disabled" or "unable to work" is insufficient to mandate great weight or special consideration, so as to compel the Commissioner to find the claimant disabled. In other words, the ultimate decision concerning whether a claimant is disabled is to be made by the Commissioner on the evidence in the record, and she is not bound by the bare opinions of a treating physician. 20 C.F.R. §§ 404.1527(e)(1), (3) and 416.927(e)(1), (3).

The plaintiff's treating physician, Dr. Shuler[1], opined three times that the plaintiff was disabled or unable to work: after each of the plaintiff's January 2004 (R. 131) and June 2004 (R. 187) examinations, and again on his medical source statement (R. 193). Since Dr. Shuler's medical source statement was largely incomplete, the Law Judge turned primarily to Dr. Shuler's

---

[1] In her brief, the plaintiff refers to her treating physician as "Dr. Bostic" but no such individual appears in the record. The only treating evidence which appears to support the plaintiff's claim was proffered by Dr. Shuler.

4

examination documents to weigh the doctor's residual functional capacity assessment. Dr. Shuler's most recent examination established limited abduction and rotation of the right shoulder, the presence of adduction, no tenderness to the touch, 4 out of 5 strength, distal sensation and normal hand strength. (R. 186.) The findings of the DDS medical examiner do not materially differ in this regard. (R. 155.) The only material point of disagreement between Dr. Shuler and the DDS medical examiner is the severity of pain experienced by the plaintiff. Essentially, the only evidence in the record of disabling pain is the plaintiff's subjective statements (R. 244) and Dr. Shuler's acceptance of the plaintiff's self-evaluation based on a one-to-ten scale (R. 130, 184, 186, 188, 192.) Since the Law Judge did not find the plaintiff fully credible, he was not required to give great or controlling weight to Dr. Shuler's adoption of the plaintiff's statements, particularly in the absence of supporting clinical evidence. *See Craig*, 76 F.3d at n.590 ("There is nothing objective about a doctor saying, without more, 'I observed my patient telling me she was in pain.'").

The remaining evidence tends to refute, rather than corroborate, Dr. Shuler's conclusion that the plaintiff is disabled. Courts have repeatedly held that loss of the use of a single limb is not disablement *per se*, since individuals who have lost the use of a limb may still be able to participate in gainful activity. *See, e.g., May v. Gardner*, 362 F.2d 616 (6th 1966); *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992); *Jones v. Shalala*, 10 F.3d 522 (7th Cir. 1993). It stands to reason that partial loss of the use of a single limb is similarly not disabling *per se*. The objective evidence, from both Dr. Shuler's and the DDS medical examiner's examinations of the plaintiff, establishes that the plaintiff has partial use of her right arm with normal hand strength (R. 186), and that her seizure disorder is well-controlled with medication and the absence of alcohol (R.

5

Case 4:05-cv-00072-JLK-BWC   Document 13   Filed 07/06/06   Page 5 of 7   Pageid#: 48

240). Accordingly, the Law Judge determined that the plaintiff had the residual functional capacity to perform "light work . . . that involves using the right arm for balance only, occasional reaching forward with the right hand, no overhead reaching[,] no exposure to unprotected heights or hazardous machinery, and no operation of motor vehicles." (R. 18.) This determination is consistent with all of the objective medical evidence in the record, including the evidence from Dr. Shuler's examinations.

In sum, Dr. Shuler's conclusions that the plaintiff is totally disabled are neither well-supported by objective medical evidence nor consistent with the evidence in the record, and resemble mere statements that the plaintiff is unable to work, which is a determination reserved for the Commissioner. Consequently, in establishing the plaintiff's residual functional capacity, it was proper for the Law Judge to give "reduced weight" to Dr. Shuler's opinions, and to afford "substantial weight" to the DDS medical disability examiner's well-supported and consistent opinion that the plaintiff was not totally precluded from work. (R. 19.)

Third, the plaintiff contends that she has not been able to secure additional medical evidence because of her financial condition. The defendant points out that the record is detailed, and that the plaintiff failed to consult her physician concerning her alleged back impairment. (R. 247.) In general, the plaintiff bears the responsibility of proving disability, and the Commissioner is to consider only those impairments that the plaintiff says she has or those for which evidence is presented. 20 C.F.R. §§ 404.1512(a) and 416.912(a). In the instant case, the record is detailed and does not suggest, either by the plaintiff's testimony or through other evidence, the existence of any impairment not accounted for in the Law Judge's determination of the plaintiff's residual functional capacity.

Fourth, the plaintiff argues that she was inadequately represented at her hearing. To support this contention, the plaintiff points to her former counsel's failure to produce evidence that her impairments lasted or are expected to last twelve months. However, the Law Judge's conclusions and the Commissioner's final decision are based on substantial evidence, and the plaintiff has proffered no additional evidence which her former counsel should have presented, but did not present, during her hearing.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

7/6/06